# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  vs.                        **Case No. 2:12-cr-263**
                                  **Judge James L. Graham**
                                  **Magistrate Judge Elizabeth P. Deavers**

**KEENEN AUSTIN,**

      **Defendant.**

## REPORT AND RECOMMENDATION

The United States of America and Defendant Keenen Austin entered into a plea agreement whereby Defendant agreed to enter a plea of guilty to an Indictment charging him with conspiracy to distribute over 5 kilograms of cocaine in violation of 21 U.S.C. § 846.  On August 1, 2013, Defendant, accompanied by his counsel, appeared for a hearing to withdraw his previously entered plea of not guilty and to change his plea to guilty.  Defendant consented, pursuant to 28 U.S.C. § 636(b)(3), to enter a guilty plea before a Magistrate Judge.  *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the Defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of Defendant in answering questions.  Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, Defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting Defendant's plea, the undersigned addressed him personally and in open court and determined his competence to plead. Based on the observations of the undersigned, Defendant understands the nature and meaning of the charge returned in the Indictment and the consequences of his plea. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on July 23, 2013, represents the only promises made to him by anyone regarding the charge in the Indictment. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, Defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the investigating officer's statement of facts supporting the charge. He confirmed that he is pleading guilty to Count One of the Indictment because he is in fact guilty of the offense charged in the Indictment. The Court concludes that there is a factual basis for the plea.

The Court concludes that Defendant's plea of guilty to Count One of the Indictment is knowingly and voluntarily made with the understanding of the nature and meaning of the charge and of the consequences of his plea.

It is therefore **RECOMMENDED** that Defendant Keenen Austin's guilty plea to Count One of the Indictment be accepted. Decision on acceptance or rejection of the plea agreement was

deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information and his attorney may be present if Defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


DATE:  August 1, 2013                                  s/ *Elizabeth A. Preston Deavers*
                                                                           **ELIZABETH A. PRESTON DEAVERS**
                                                                           **UNITED STATES MAGISTRATE JUDGE**